**Form 3015-1 - Chapter 13 Plan**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN-MODIFIED**

In re:
**Allen Jay Schlien**
**Lori Dee Schlien**

Dated: **March 6, 2013**

DEBTOR

Case No. **08-51026**

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **16,742.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **200.00*** per **Month** for **8** months, **beginning March 2013**, for a total of $ **1,780.00** . The minimum plan payment length is ___ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee **additional lump-sum payments of $1,600.00 in April 2013, July 2013 and September 2013.**
   d. The debtor will pay the trustee a total of $ **23,322.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,332.20** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | **a.** TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | **a.** | **Great River FCU** | $ 1,178.00 | $ 17.25 | 1 | 8 | $ *1,178.00 |
   | **b.** | **Mortgage Service Center** | $ 9,592.31 | $ 148.19 | 1 | 8 | $ **9,592.31 |
   | **c.** | TOTAL | | | | | $ 10,770.31 |

**\*Paid Great River FCU: $1,040.00**

**\*\*Paid Mortgage Service Center/PHH: $8,406.84**

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | | $ | |
| a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | $ | | | $ | $ | $ |
| a. TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | **Attorney Fees** | $ **3,774.00** | $ | | $ | **\*3,309.50** |
| b. | **Internal Revenue Service** | $ **4,390.90** | $ **Pro rata** | **Pro rata** | **Pro rata** $ | **\*\*4,390.90** |
| c. | **MN Department of Revenue** | $ **2,381.66** | $ **Pro rata** | **Pro rata** | **Pro rata** $ | **\*\*\*2,381.66** |
| d. | TOTAL | | | | $ | **10,082.06** |

**\*Paid Attorney Fees: $3,309.50**

**\*\*Paid Internal Revenue Service: $1,748.63**

**\*\*\*Paid MN Department of Revenue: $1,062.44**

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:   **-NONE-**
    The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **137.43**   [line 1(d) minus lines 2, 6(c), 7(a), 8(a), 9(d) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**  .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **95,674.14**  .

   c. Total estimated unsecured claims are $ **95,674.14**   [line 11(a) + line 11(b)].

12. **OTHER PROVISIONS** —

    **\*The plan is a step plan which will pay as follows: $200.00 Monthly for 2 months, then $230.00 Monthly for 6 months, then additional lump-sum payments of $1,600 in April 2013, July 2013 and September 2013.**

**Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first. Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities). Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

**A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

13. **SUMMARY OF PAYMENTS** —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ **2,332.20** |
| Home Mortgage Defaults [Line 6(c)] | $ **10,770.31** |
| Claims in Default [Line 7(a)] | $ **0.00** |
| Other Secured Claims [Line 8(a)] | $ **0.00** |
| Priority Claims [Line 9(d)] | $ **10,082.06** |
| Separate Classes [Line 10(a)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **137.43** |
| **TOTAL [must equal Line 1(d)]** | $ **23,322.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**William P. Kain 143005
Lund Kain Scott, PA
13 7th Ave. S
St. Cloud, MN 56301
320-252-0330
143005**

Signed  **/s/ Allen Jay Schlien**
        **Allen Jay Schlien**
        DEBTOR

Signed  **/s/ Lori Dee Schlien**
        **Lori Dee Schlien**
        DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:  BKY: 08-51026

Allen Jay Schlien
Lori Dee Schlien

      Debtors  Chapter 13
_____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Notice of Hearing and Motion, Memorandum in Support of Debtors Motion for Post-Confirmation Modification and Modified Chapter 13 Plan was served upon all parties electronically:

| | |
|---|---|
| U.S. Trustee | Kyle Carlson, Chapter 13 Trustee |
| 1015 U.S. Courthouse | PO Box 519 |
| 300 S 4th St | Barnesville MN 56514 |
| Minneapolis MN   55415 | |

And upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail:

on March 6, 2013.


Dated: March 6, 2013  LUND KAIN & SCOTT, P.A.


    /e/ WILLIAM P. KAIN-#143005
    13 7th Avenue South
    St. Cloud, MN 56301
    (320) 252-0330

| | | |
|---|---|---|
| AAA FINANCIAL SERVICES<br>PO BOX 15137<br>WILMINGTON DE 19886-5137 | ACB AMERICAN<br>PO BOX 2548<br>CINCINNATI OH 45201-2548 | ARROW FINANCIAL SERVICES<br>5996 W TOUHY AVE<br>NILES IL 60714 |
| ASSET ACCEPTANCE<br>PO BOX 2036<br>WARREN MI 48090 | AT & T<br>PO BOX 8212<br>AURORA IL 60572-8212 | ATLANTIC CREDIT<br>PO BOX 13386<br>ROANOKE VA 24033 |
| BANK OF AMERICA<br>PO BOX 21846<br>GREENSBORO NC 27420-1846 | BANK OF AMERICA<br>PO BOX 1390<br>NORFOLK VA 23501 | BANK OF AMERICA<br>PO BOX 650260<br>DALLAS TX 75265-0260 |
| BANK OF AMERICA<br>PO BOX 60073<br>CITY OF INDUSTRY CA 91716-0073 | CAPITAL MANAGEMENT SERVICES<br>726 EXCHANGE STREET SUITE 700<br>BUFFALO NY 14210 | CAPITAL ONE BANK<br>C/O TSYS DEBT MANAGEMENT<br>PO BOX 5155<br>NORCROSS GA 30091 |
| CAREMARK<br>PO BOX 94467<br>PALATINE IL 60094-4467 | CBSD<br>PO BOX 6497<br>SIOUX FALLS SD 57117 | CITI CARDS<br>PO BOX 688912<br>DES MOINES IA 50368-8912 |
| CITICARD/SHELL<br>PO BOX 9151<br>DES MOINES IA 50368-9151 | CITIFINANCIAL<br>PO BOX 22060<br>TEMPE AZ 85285-2060 | COLLECTION<br>ATTN BANKRUPTCY<br>PO BOX 9134<br>NEEDHAM MA 02494 |
| COLLECTION<br>PO BOX 773<br>NEEDHAM MA 02494 | COLLECTION RESOURCES<br>PO BOX 2270<br>SAINT CLOUD MN 56302-2270 | CRB<br>5834 MONROE AVE STE A142<br>SYLVANIA OH 43560 |
| CREDIT ONE BANK<br>PO BOX 60500<br>CITY OF INDUSTRY CA 91716-0500 | DIRECT TV<br>PO BOX 78626<br>PHOENIX AZ 85062-8626 | DISCOVER FINANCIAL<br>ATTN BANKRUPTCY DEPARTMENT<br>PO BOX 3025<br>NEW ALBANY OH 43054 |
| ECOWATER<br>906 1ST STREET S<br>BOX 428<br>WAITE PARK MN 56387 | EYE SURGEONS & PHYSICIANS<br>109 DOCTORS PARK<br>SAINT CLOUD MN 56303 | FIGI'S INC<br>3200 S MAPLE AVE<br>MARSHFIELD WI 54449 |
| FIGIS INC<br>PO BOX 8090<br>MARSHFIELD WI 54449-8090 | FOCUS MGMT<br>1130 NORTHCHASE PKWY<br>MARIETTA GA 30067 | GE CARD HSBC<br>DEPT 9600<br>CAROL STREAM IL 60128-9600 |

GEMB
C/O ASSET ACCEPTANCE
PO BOX 2036
WARREN MI 48090

GEMB SAMS CLUB
PO BOX 981400
EL PASO TX 79998

GOGGINS & LAVINTMAN
PO BOX 21129
SAINT PAUL MN 55121-0129

GREAT RIVER FCU
1532 W SAINT GERMAIN ST
SAINT CLOUD MN 56301

HEALTHPARTNERS
1245 15TH STREET N
SAINT CLOUD MN 56303-1802

HEARTLAND FOUR WHEEL DRIVE
18 NE 17TH AVE
SAINT CLOUD MN 56304

HERBERGERS
PO BOX 5211
CAROL STREAM IL 60197-5211

HSBC
1441 SCHILLING PLACE
SALINAS CA 93901

HSBC
ATTN BANKRUPTCY
PO BOX 5213
CAROL STREAM IL 60197

HSBC/POLARIS
90 CHRISTIANA RD
NEW CASTLE DE 19720

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 21126
PHILADELPHIA PA 19114

JAMES ROBERTS
5280 15TH AVE SE
SAINT CLOUD MN 56304

JC PENNEY
PO BOX 960001
ORLANDO FL 32896-0001

JOHN LEE JACKSON
1445 LANGHAN CREEK DR
HOUSTON TX 77084

KOHLS
ATTN RECOVERY
PO BOX 3120
MILWAUKEE WI 53201

LAW OFFICE OF HAROLD SCHERR
4237 SALISBURY RD #308
JACKSONVILLE FL 32216

MESSERLI & KRAMER
3033 CAMPUS DR  STE 250
MINNEAPOLIS MN 55441

MINSER CHIROPRACTIC
203 PARK AVENUE S SUITE 101
SAINT CLOUD MN 56301

MN DEPARTMENT OF REVENUE
ATTN DENISE JONES
PO BOX 64447
SAINT PAUL MN 55164

MORTGAGE SERVICE CENTER
4001 LEADENHALL RD
MT LAUREL NJ 08054

NCO FINANCIAL SYSTEMS
507 PRUDENTIAL RD
HORSHAM PA 19044

NORTHERN STAR THERAPY
251 COUNTY RD 120 SUITE A
SAINT CLOUD MN 56303

NORTHSTAR LOCATION SERVICE
4285 GENESEE STREET
BUFFALO NY 14225-1943

PORTFOLIO RECVRY
120 CORPORATE BLVD STE 1
NORFOLK VA 23502

PREFERRED
C/O COLLECTION CONSULTANTS
6100 SAN FERNANDO RD
GLENDALE CA 91201

REGIONAL DIAGNOSITC RADIOLOGY
PO BOX 7366
SAINT CLOUD MN 56302-7366

SEARS
8725 W SAHARA AVE
THE LAKES NV 89163

SEARS
PO BOX 6564
THE LAKES NV 88901-6564

SECURITY CREDIT LLC
2612 JACKSON AVE W
OXFORD MS 38655

SHAPIRO NORDMEYER & ZIELKE
12550 WEST FRONTAGE RD STE 200
BURNSVILLE MN 55337

ST CLOUD HOSPITAL
1406 6TH AVE N
SAINT CLOUD MN 56303

TEXACO/CITIBANK
ATTN CENTRALIZED BANKRUPTCY
PO BOX 20507
KANSAS CITY MO 64195

UNITED RECOVERY SYSTEMS
PO BOX 722929
HOUSTON TX 77272-2929

WELLS FARGO FINANCIAL
2752 DIVISION ST
SAINT CLOUD MN 56301-3817

ZENITH ACQUISITION
220 JOHN GLENN DR # 1
AMHERST NY 14228

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

    **Allen Jay Schlien**
    **Lori Dee Schlien**
        Debtor(s).

**SIGNATURE DECLARATION**

Case No. __08-51026__

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☒ OTHER (Please describe: __MOTION TO MODIFY POST-CONFIRMATION CHAPTER 13 PLAN__ )

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- [**individual debtors only**] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: __1-16-13__

X _/s/ Allen Schlien_
Signature of Debtor or Authorized Representative

**Allen Jay Schlien**
Printed Name of Debtor or Authorized Representative

X _/s/ Lori Schlien_
Signature of Joint Debtor

**Lori Dee Schlien**
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)